**Joe YOUNG, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

**No. 04–16725.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Decided July 3, 2006.

Anne M. Vohl, Esq., Reno, NV, for Plaintiff–ppellant.

John P. Desmond, Molly Rezac, Jones Vargas, Reno, NV, David C. Vogel, Michael A. Williams, Esq., Lathrop & Gage L.C., Kansas City, MO, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,* District Judge.

MEMORANDUM **

Plaintiff–Appellant Joe Young appeals from a summary judgment granted in favor of Defendant–Appellee, General Motors Corporation ("GM"). The district court found that Appellant failed to satisfy his burden on his discrimination claims arising under the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). We review the district court's order de novo, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

Appellant failed to establish a prima facie case of discrimination under the ADA because there is no reasonable inference that GM's employment decision was based on Appellant's wife's disability. *See Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1230–31 (11th Cir.1999). GM declined to hire Appellant before his wife became disabled, so there is no reasonable inference that her disability was a determining factor in GM's decision not to extend Appellant an offer of employment after she became ill.[1]

---

* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the

Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**1.** For the purpose of the summary judgment motion, GM did not contest whether Appellant's wife's illness was a disability under the ADA.

With respect to Appellant's claims under the ADEA, the district court properly determined that, while he successfully established a prima facie case of age discrimination, Appellant failed to satisfy his burden of demonstrating that GM's stated nondiscriminatory reason for not hiring him was a pretext. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir.2000). GM stated that it did not hire Appellant because he did not have a college degree. GM's hiring practices throughout the relevant time period were consistent with its stated reason. Appellant has not presented sufficient evidence to show that there is a genuine issue of material fact, as to whether GM was more likely motivated by a discriminatory reason, or as to whether GM's stated reason is unworthy of belief. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir.1987).

AFFIRMED.